Andrew T. Solomon (AS 9200)
Gretchen S. Silver (GS 1534)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Fl.
New York, NY 10104
(212) 660-3000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x
                                                                        :
PROFESSIONAL OFFSHORE                                                   :
OPPORTUNITY FUND, LTD., a company                                       :  08-CIV-5643 (SAS)
registered under the laws of the British Virgin                         :
Islands,                                                                :
                                                                        :  **MEMORANDUM OF**
                    Plaintiff,                                          :  **LAW IN SUPPORT OF**
                                                                        :  **MOTION FOR DEFAULT**
        -against-                                                       :
                                                                        :
AMEREX GROUP, INC., a Delaware                                          :  ECF CASE
corporation,                                                            :
                                                                        :
                    Defendant.                                          :
                                                                        :
----------------------------------------------------------------------- x

Plaintiff Professional Offshore Opportunity Fund, Ltd. ("PROOF"), by its attorneys Sullivan & Worcester LLP, respectfully moves this Court for a default judgment against defendant Amerex Group, Inc. ("Amerex") for Amerex's failure to answer or otherwise respond to the Summons and Complaint served on it on June 24, 2008.

## FACTS

### A.   Defendant's Default on a Promissory Note and Breach of a Letter Agreement

In this action, PROOF seeks to enforce (i) a defaulted promissory note and (ii) a letter agreement pursuant to which Amerex agreed to repurchase 500,000 shares of common stock held by PROOF.

On or about August 14, 2007, Amerex issued a Promissory Note to PROOF in the principal amount of $750,000 (the "Note," Exhibit A to the Complaint),[1] and entered into a side letter agreement with PROOF (the "Letter Agreement," Exhibit 2 to the Silver Decl.).  Pursuant to the Letter Agreement, Amerex issued to PROOF 500,000 shares of common stock (the "Shares") which were not registered and could not be traded freely.  *See* Complaint at ¶¶ 7–9.  In the event of any default under the Note, Amerex further agreed to repurchase the Shares from PROOF for $700,000.  Amerex agreed to pay interest at the rate of 2% per month for any delay in performing its repurchase obligation.  *Id.* At ¶ 10.

The material terms of the Note are governed by New York law and are summarized as follows:

    a. *Monthly payments*: on September 14, 2007 and on the 10th of each month thereafter, Amerex promised to pay PROOF the sum of $150,000 plus a 10% capital utilization fee on such amount, making the total monthly payment $165,000.  PROOF provided an amortization schedule to Amerex's representatives showing these scheduled payments, a copy of which is attached as Exhibit B to the Complaint.

    b. *Stock in lieu of payment*: in lieu of the monthly payment, Amerex could provide to PROOF unrestricted free trading shares equal to the monthly payment amount but valued based on a 30% discount to the market.

    c. *Default interest and attorney's fees*:  In the event of a default, Amerex agreed to pay PROOF default interest in the amount of 18 percent per annum on any amount due under the Note.  Amerex also agreed to reimburse PROOF for any

---

[1] The Complaint is attached as Exhibit 1 to the accompanying Declaration of Gretchen S. Silver dated July 24, 2008 ("Silver Decl.").

costs and expenses, including counsel fees, in connection with enforcement of the Note and any collection costs on any judgment. *Id.* at ¶ 8.

Amerex failed to pay the first scheduled payment under the Note when due. *Id.* at ¶ 12. In response, on September 25, 2007, PROOF sent Amerex a notice of default (the "Notice," Exhibit C to the Complaint). *Id.* at ¶ 13.

On September 28, 2007, PROOF entered into a one-month forbearance agreement with Amerex pursuant to which Amerex acknowledged its default. *Id.* at ¶ 14. Without waiving the default, PROOF agreed to extend Amerex's deadline for the first payment to October 10, 2007, and to extend each scheduled payment thereafter by one month. *Id.* at ¶14.

Amerex and PROOF further agreed to extend the forbearance period by additional one-month periods, as necessary, provided that Amerex pay to PROOF the sum of $20,000 for each such month. *Id.* at ¶ 14.

On April 10, 2008, Amerex failed to extend the forbearance and failed to make the payment due. *Id.* at ¶ 15. In response, PROOF agreed to extend the deadline for payment until April 30, 2008. Amerex failed to make the payment due on the extended deadline of April 30, 2008. *Id.* at ¶15.

Amerex's failure to make the payments constitutes an event of default under the Note. Following the April 30, 2008 default, PROOF made several demands for payment by email and verbally, but Amerex has refused to pay the amounts due. *Id.* at ¶ 16.

Amerex's default under the Note also triggered PROOF's rights under the Letter Agreement, including Amerex's obligation to repurchase the Shares for $700,000. *Id.* at ¶ 19. Amerex has failed to repurchase the Shares despite its contractual obligations. *Id.* at ¶ 21.

### B. Amerex's Breaches Caused Substantial Damages

As a result of Amerex's default, PROOF has been damaged in the amount of $750,000 for the unpaid principal, plus $75,000 for the unpaid capital utilization fees, plus default interest. *Id.* at ¶ 22.

Additionally, PROOF has been damaged by $700,000 plus monthly interest of 2% because of Amerex's refusal to repurchase the Shares. *Id.* at ¶ 22.

### C. PROOF's Initiation of the Action and Amerex's Default

On June 23, 2008, PROOF filed the Complaint in this action. On June 24, 2008, Richard Lombardo served (a) the Summons, (b) Complaint, (c) Civil Cover Sheet, (d) Rule 7.1 Statement, (e) the Individual Practices of Judge Shira A. Scheindlin and Judge Kevin Nathaniel Fox, and (f) the Southern District of New York's Electronic Case Filing Rules & Instructions by FedEx on Amerex at 1105 N. Peoria Avenue, Tulsa, Oklahoma 74106, to the attention of Nicolas Malino, and by facsimile at the number: (918) 599-0786. Amerex agreed to be served with summons by this method. *See* the Note §§ 4.2 and 4.8. On June 27, 2008, PROOF filed Mr. Lombardo's affidavit of service with this Court. *See* Silver Decl. at ¶¶ 2-7.

With more than 20 days having passed since Amerex was served with the Summons and Complaint, Amerex is in default by failing to answer or otherwise respond to the Summons and Complaint. *See id.* at ¶ 8. On July 22, 2008, the Clerk of this Court, at PROOF's request, certified the default against Amerex in this action. *Id.* at ¶ 9.

To date, Amerex has not answered, moved or otherwise responded to the Summons and Complaint. *Id.* at ¶ 8.

PROOF now seeks an order directing the entry of judgment in favor of PROOF and against Amerex for the relief demanded in the Complaint.

## ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure permit this court to enter judgment against a defendant who fails to answer or otherwise respond to the summons and complaint in the permitted time. The process of obtaining a default judgment involves two steps: the non-defaulting party must first request the clerk to certify the default under Rule 55(a) and, second, apply for a default judgment pursuant to Rule 55(b).

On July 22, 2008, the clerk certified Amerex's default in accordance with Rule 55(a) because PROOF sufficiently demonstrated all of the elements of Amerex's default. In its request to certify the default, PROOF submitted the Affidavit of Andrew T. Solomon, dated July 22, 2008, which stated that (1) PROOF filed the Complaint; (2) Amerex was properly served with the Summons and Complaint; (3) the affidavit of service was filed with the Court; and (4) more than 20 days had passed and Amerex had not answered or otherwise responded to the Summons and Complaint. The affidavit of service filed in this action states that the Summons and Complaint were served on Amerex by FedEx and facsimile, in compliance with the service of summons provision in the Note. This constitutes proper service on Amerex; the parties' agreement as to the method of service of process is enforceable under New York law. *Greystone CDE, LLC v. Sante Fe Pointe L.P.*, 07 CV. 8377 (RPP), 2007 U.S. Dist. LEXIS 88029, 10-11 (S.D.N.Y. Nov. 29, 2007).

PROOF now seeks a default judgment from the court pursuant to Rule 55(b)(2). At this time, the Court should find that by virtue of its default Amerex has conceded liability to PROOF of the well-pleaded allegations in the Complaint. *See Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). As described above, the Complaint alleges that Amerex entered into a Letter Agreement with PROOF and Amerex issued the Note to PROOF.

The Note and the Letter Agreement required Amerex to take certain actions and make certain payments to PROOF. PROOF performed its obligations under the Letter Agreement and the Note, but Amerex breached its payment and repurchase obligations. As a result of Amerex's breaches, PROOF has been damaged. This Court should therefore find that Amerex is liable for the breaches that PROOF articulated in the Complaint.

After deciding that a default judgment is appropriate, the court may rely on affidavits and documentary evidence to calculate the amount of damages in lieu of a hearing. *See Fustok v. ContiCommodity Svces., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989). The documentary evidence submitted here includes the Declaration of Gretchen S. Silver, the Complaint and the attached Note (Silver Decl. Ex. 1), the Letter Agreement (Silver Decl. Ex 2), and a spreadsheet showing the computation of damages (Silver Decl. Ex. 5). These documents demonstrate each component of PROOF's damages, including:

- Principal amount due under the Note: $750,000;

- Capital Utilization Fees due under the Note: $75,000;

- Post-default interest on the Principal and Capital Utilization Fees at the rate of 18% per annum from April 30, 2008: $406.85 per day until the date of judgment, or $34,582.19 as of July 24, 2008;

- Amount owed for the repurchase of the 500,000 shares: $700,000;

- Interest on the amount owed for the repurchase of the shares at the default rate of 2% per month from June 20, 2008 to the date of judgment: $460.27 per day until the date of judgment, or $15,649.32 as of July 24, 2008;

- Attorneys' fees and costs of this lawsuit and collection: $2,000.

As noted above, PROOF is entitled to its reasonable attorney's fees and costs associated with this action and collection, pursuant to the Letter Agreement (§4.5). Therefore, with the basis and calculation of the damages having been established by the documentary evidence submitted, no hearing on the issue of damages is necessary to award the default judgment.

## CONCLUSION

For all the reasons stated above, the Court should grant Professional Offshore Opportunities Fund, Ltd.'s motion and enter judgment of default against Amerex Group, Inc.

Dated: New York, New York
       July 24, 2008

SULLIVAN & WORCESTER LLP

By: /s/_____
    Andrew T. Solomon (AS 9200)
    Gretchen S. Silver (GS 1534)
    1290 Avenue of the Americas, 29th Floor
    New York, NY 10104
    (212) 660-3000

*Attorneys for Plaintiff Professional Offshore Opportunities Fund, Ltd.*